UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15 CR 343 CDP |
| | ) | |
| ZIA IQBAL, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Defendant Zia Iqbal has filed a motion for judgment of acquittal and for new trial. Iqbal was convicted following a non-jury trial on four counts. Under Count 3 defendant, who is not himself a health care provider but represented that he was acting on behalf of doctors, was convicted of soliciting kickbacks for referring Medicare and Medicaid patients to a home health care agency in violation of Title 42, United States code, Section 1320a-7(b)(1)(A). In Counts 4 and 5 he was convicted of receiving kickbacks in violation of the same statute. In Count 6 he was convicted of making false statements to federal agents in violation of 18 U.S.C. § 1001(a)(2).

Defendant's motion argues, as he did at trial, that in order to prove him guilty of these crimes the government was required to prove that the physicians

making the referrals for home health services actually received the kickbacks. I rejected this argument earlier, and continue to do so. Although there is no reported decision on point from the Eighth Circuit Court of Appeals, the statutory language does not support defendant's argument, and the one case from another circuit that does support the argument has not been followed even in its own circuit. I will deny the motion; the case remains set for sentencing on June 21, 2016.

## **Discussion**

First, I note that although defendant's motion does not make this distinction, the arguments he raises have no application to the convictions in Counts 3 and 6. Count 3 charged defendant with *soliciting* the kickbacks, and it was not necessary that any kickback have actually occurred, so whether the doctor received remuneration is completely irrelevant to whether defendant is guilty of criminal solicitation of a kickback. Similarly, in Count 6 defendant was convicted of making false statements to agents of the Department of Health and Human Services, and this argument has no effect on that conviction. The government proved all the elements of Counts 3 and 6 beyond a reasonable doubt, and defendant has provided no argument challenging those elements.

On the charges in Counts 4 and 5, I found that defendant was guilty of receiving kickbacks for obtaining referrals of Medicare and Medicaid patients for

2

the home health agency, in violation of Title 42, United States code, Section 1320a-7(b)(1)(A). Specifically, the government proved beyond a reasonable doubt that he solicited and received remuneration from the home health agency for referring patients who were covered by Medicare and Medicaid, and that he received a $600 payment on June 29, 2011 and a $275 payment on August 9, 2011.

The statute provides that whoever:

> "knowingly and willfully solicits or receives any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind – (A) in return for referring an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program, …"

is guilty of a felony.

To prove the crimes charged in Counts 4 and 5 the government was required to prove beyond a reasonable doubt:

One, the defendant knowingly and willfully received the $600 payment on June 29, 2011 and the $275 payment on August 9, 2011 from the agency; and

Two, the payments were paid primarily in order to induce the referral of patients insured by Medicare or Medicaid; and

Three, the services of the patients referred were covered, in whole or in part by Medicare or Medicaid.

In my Order and Findings dated February 10, 2016 [docket entry # 56], I set out the facts supporting the conviction in detail, and I need not repeat those facts here. The evidence showed that defendant represented to the home health agency that he was acting as an agent of various doctors, and that he could steer referrals from the doctors if the agency agreed to pay him 50% of its profits on the work. After multiple meetings to discuss this arrangement, the home health agency ultimately received referrals – one Medicaid and one Medicare – from the doctors that defendant said he represented. The home health agency (who was working with an undercover agent) then provided him with the sums alleged in the indictment as remuneration for the referrals.

Defendant is correct that there was no evidence presented that the referring doctors received any money from defendant's scheme. Indeed, there was no evidence that the doctors had any idea what defendant was doing or what representations he was making about them. Iqbal argues that he cannot be guilty of violating the anti-kickback statute if the referring doctors did not receive remuneration.

The Eighth Circuit Court of Appeals has not decided this issue. The only reported cases under this statute from our circuit are *United States v. Jain,* 93 F.3d 436 (8th Cir. 1996) and *United States v. Yielding,* 657 F.3d 688 (8th Cir. 2011).

These cases are not at all on point, although I cited them in my earlier opinion to explain issues that the Circuit had decided under the statute, and because certain aspects of the cases were similar to the case here. In *Jain* the Court affirmed a conviction where the defendant had attempted to shield his receipt of kickbacks for referrals by using a contract purporting to pay him for non-existent marketing services – defendant here also used a phony marketing contract to attempt to hide the kick-back scheme. In *United States v. Yielding,* 657 F.3d 688 (8th Cir. 2011), the Court approved a jury instruction telling the jury that it could find the defendant guilty if the money was paid "primarily in order to induce" the use of the supplier's services. That definition of the intent required was also met here. In neither case, however, was the issue defendant raises considered by the Eighth Circuit.

A Fifth Circuit case supports defendant's argument. In *United States v. Miles*, 360 F.3d 472 (5th Cir. 2004) the Court reversed a conviction where there was no evidence that payments went to the "relevant decision-maker." That case, however, has been limited to its facts by a later Fifth Circuit case, *United States v. Shoemaker,* 746 F.3d 614 (5th Cir. 2014). In *Shoemaker* the court pointed out that the *Miles* case was focused not on the decision-maker who ultimately controlled the referrals, but instead on the *payer's intent* to induce referrals. *Id.* at 628. Here

5

there is no doubt but that Iqbal represented to the health care agency that he could cause the doctors to make the referrals, and would do so if the agency agreed to pay him a share of the profits. The agency agreed to make the payments to induce the referrals, and later made the payments as a direct result of having received the referrals. This is a clear payment based on the value of the referrals, which is a violation of the law.

## Conclusion

Nothing presented in defendant's motion convinces me that my earlier interpretation of the law is incorrect. The legal distinction urged by defendant is not supported by the language of the statute. He clearly both solicited and received payments in return for his causing patients to be referred to the agency.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for judgment of acquittal and new trial (60) is denied.

**IT IS FURTHER ORDERED** that this case remains set for sentencing on **Tuesday, June 21, 2016 at 2:00 p.m.** in Courtroom 14-South.

_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2016.